1

Dina R. Richman, State Bar No. 251088
**COZEN O'CONNOR**
601 S. Figueroa Street, Suite 3700
Los Angeles, CA 90017
Tel.: 213.892.7900
Fax: 213.892.7999
Email: mpeitzke@cozen.com

2

3

4

5

John J. Sullivan (*pro hac vice forthcoming*)
**COZEN O'CONNOR**
3 WTC, 175 Greenwich St., 55th Fl.
New York, NY 10007
Tel.: 212.453.3729
Fax: 646.461.2073
Email: jsullivan@cozen.com

6

7

8

9

Max E. Kaplan (*pro hac vice forthcoming*)
**COZEN O'CONNOR**
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Tel.: 215.665.4672
Fax: 215.701.2282
Email: mkaplan@cozen.com

10

11

12

13

14

*Attorneys for Defendant*
*Horizon Actuarial Services, LLC*

15

16

UNITED STATES DISTRICT COURT

17

NORTHERN DISTRICT OF CALIFORNIA

18

19

TERESA JIMENEZ, individually, and on
behalf of a class of similarly situated
persons,

20

21

Plaintiff,

22

vs.

23

HORIZON ACTUARIAL SERVICES,
LLC, and DOES 1-50 inclusive,

24

Defendants.

25

26

27

28

Case No.

[Removed from Superior Court of the State
of California, City and County of San
Francisco, Case No. CGC-22-600443]

**NOTICE OF REMOVAL**

PLEASE TAKE NOTICE that Defendant Horizon Actuarial Services, LLC ("Horizon Actuarial"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, hereby removes to this Court the above-captioned action, *Jimenez v. Horizon Actuarial Services, LLC et al.*, Case No. CGC-22-600443, from the Superior Court of the State of California for the County and City of San Francisco.  In support, Horizon Actuarial states as follows:

## INTRODUCTION

1.      Plaintiff Teresa Jimenez ("Plaintiff") filed this putative class action in the Superior Court of the State of California on June 29, 2022.  A copy of the Summons, Complaint ("Compl."), Civil Cover Sheet, and Proof of Service of Summons in the State Court Action are attached as Exhibit A.

2.      Horizon Actuarial was purportedly served with Summons and the Complaint on July 7, 2022.  Ex. A at 1.  This Notice of Removal is filed within 30 days of service; it is both timely and properly filed.  28 U.S.C. §§ 1446(b), 1453(b).

3.      Plaintiff purports to have filed with the Superior Court of the State of California a First Amended Complaint ("FAC") on or around August 4, 2022. A copy of this FAC, which was emailed to counsel for Horizon Actuarial on August 5, 2022, is attached as Exhibit B.

4.      Horizon Actuarial is a Delaware limited liability company with its principal place of business in Georgia.  Horizon Actuarial is therefore a citizen of Delaware and Georgia for purposes of minimal diversity under 28 U.S.C. § 1332(d).

5.      Plaintiff purports to represent a putative class of individuals residing in California. Compl. ¶ 19.

6.      Removal of this action is appropriate under 28 U.S.C. § 1332(d) and the Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat. 4 § 4(a) because the parties are minimally diverse, the putative class size exceeds 100, and the amount in controversy exceeds $5,000,000.

## THE ALLEGATIONS IN THE COMPLAINT

7.      Plaintiff alleges that Horizon Actuarial was "entrusted with personal identifiable information ('PII') for Plaintiff's and Class Members."  Compl. ¶ 1; FAC ¶ 1.

8.      Plaintiff further alleges that "Horizon computer servers [were] subjected to unauthorized access, data breach, exposure, exfiltration, theft and/or disclosure" (the "Incident"), allegedly resulting in unauthorized persons accessing information "about Plaintiff and others similarly situated."   Compl. ¶ 2; FAC ¶ 2.

9.      Plaintiff also purports to represent a class of "[a]ll individuals residing in California whose PII was [allegedly] accessed or otherwise compromised in the" Incident.  Compl. ¶ 19; FAC ¶ 17.  Plaintiff further alleges "that the number of Class Members is at least in the tens of thousands." Compl. ¶ 20; FAC ¶ 18.

10.      In her Complaint, Plaintiff asserts a single claim for "[a]ppropriate declaratory relief" declaring that "Defendants violated" Section 1798.150(a)(1) of the California Consumer Privacy Act ("CCPA").  Compl. ¶ 33, Prayer for Relief ¶ A.

11.      Plaintiff further alleges that Section 1798.150(a)(1) permits consumers to "recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident."  *Id.* ¶ 28 (quoting Cal. Civ. Code § 1798.150(a)(1)).

12.      Finally, Plaintiff alleges that she "is providing thirty days written notice . . . to Defendants, 'identifying the specific provisions of the CCPA the consumer [Plaintiff] alleges have been or are being violated'" and that she reserves the right to amend this action consistent with California law and the CCPA.  *Id.* ¶ 34.

13.      Indeed, in her FAC, Plaintiff adds a second claim for violation of the CCPA, for which she purports to seek "statutory monetary relief in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per Class Member per incident." FAC ¶ 33.

## RELATED ACTIONS

14.      This action overlaps with at least eight earlier filed putative class actions relating to the Incident, including two actions that originated in this Court and were then transferred to the U.S. District Court for the Northern District of Georgia.  *See* Order, *Ruiz v. Horizon Actuarial Services, LLC*, No. 22-1924 (N.D. Ga.) (transferred from N.D. Cal. May 12, 2022), ECF No. 17; Order, *Chavez v. Horizon Actuarial Services, LLC*, No. 22-2858 (N.D. Ga.) (transferred from N.D. Cal. June 7, 2022), ECF No. 8.

1    15.    Seven of these eight earlier filed actions, included the *Ruiz* and *Chavez* actions, have

2  been consolidated before the Honorable Eleanor L. Ross in the U.S. District Court for the Northern

3  District of Georgia under the caption *Sherwood v. Horizon Actuarial Services, LLC*, No. 22-1495

4  (N.D. Ga.) (the "Consolidated Actions"). *See* Order, *Sherwood,* No. 22-1495 (N.D. Ga.), ECF No. 16;

5  Order, *Ruiz*, No. 22-1924 (N.D. Ga.), ECF No. 20; Order, *Chavez*, No. 22-2858 (N.D. Ga.), ECF No.

6  15. Plaintiffs' Joint Motion to Consolidate the eighth earlier filed action, *Doe I v. Horizon Actuarial*

7  *Services, LLC*, 22-2358 (N.D. Ga.) is pending. *See Sherwood*, No. 22-1495 (N.D. Ga.), ECF No. 22.

8    16.    Just like the Plaintiff in this action, the Consolidated Actions also seek declaratory and

9  other relief under Section 1798.150(a)(1) of the CCPA on behalf of the same putative statewide class

10  of "[a]ll natural persons residing in California whose PII was [allegedly] compromised in the"

11  Incident.  Consolidated Class Action Compl. ¶¶ 185, 299, *Sherwood*, No. 22-1495 (N.D. Ga.), ECF

12  No. 21.

13    17.    In support of federal court jurisdiction, the plaintiffs in the Consolidated Actions allege

14  that, like in this action, there is federal court jurisdiction under CAFA:

15
16    This Court has original jurisdiction over this action under the Class Action Fairness
       Act, 28 U.S.C. § 1332(d)(2), because Plaintiffs and at least one member of the putative
       Class, as defined below, are citizens of a different state than Defendant, there are more
17     than 100 putative class members, and the amount in controversy exceeds $5 million
       exclusive of interest and costs.
18

19  Consolidated Class Action Compl. ¶ 8, *Sherwood*, No. 22-1495 (N.D. Ga. July 13, 2022), ECF No.

20  21.  The Consolidated Class Action Complaint in the Consolidated Actions is attached hereto as

21  Exhibit C.

22                              **JURISDICTIONAL STATEMENT**

23    18.    CAFA grants federal courts diversity jurisdiction over putative class actions that:

24  (a) were commenced on or after its effective date of February 18, 2005; (b) have minimal diversity;

25  (c) have 100 or more class members; and (d) have an aggregate amount in controversy over

26  $5,000,000.  *See* 28 U.S.C. § 1332(d).  This action satisfies each of these requirements.

27

28

1    **I.     Commencement**

2          19.     This action was commenced on June 29, 2022, after CAFA's effective date.  *See* Ex. A

3    at A-1.  Accordingly, CAFA applies to this action.  *See* 28 U.S.C. § 1332 note.

4    **II.    Minimal Diversity of Citizenship**

5          20.     CAFA requires only minimal diversity, *i.e.*, that "any member of a class of plaintiffs is

6    a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A).

7          21.     Under CAFA, an unincorporated association—such as a limited liability company—is

8    "a citizen of the State where it has its principal place of business and the State under whose laws it is

9    organized."  28 U.S.C. § 1332(d)(10); *see also, e.g.*, *Jack v. Ring LLC*, 553 F. Supp. 3d 711, 715 (N.D.

10   Cal. 2021) (holding that for purposes of CAFA jurisdiction, defendant limited liability company's

11   "citizenship is based on its principal place of business").

12         22.     Horizon Actuarial is a Delaware limited liability company with its principal place of

13   business in Georgia.  Horizon Actuarial is therefore a citizen of Delaware and Georgia for purposes

14   of 28 U.S.C. § 1332(d)(2)(A).  *See* 28 U.S.C. § 1332(d)(10).

15         23.     The Complaint does not allege Plaintiff's state of residency.  However, Plaintiff

16   purports to represent a class of "individuals residing in California."  Compl. ¶ 19; FAC ¶ 17.  At least

17   one member of the putative class is therefore a resident and citizen of California for purposes of 28

18   U.S.C. § 1332(d)(2)(A).  *See Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1221 (9th Cir. 2020)

19   ("One's domicile is her 'permanent home'—that is, where (i) she resides, (ii) 'with the intention to

20   remain or to which she intends to return.'" (citation omitted)).

21         24.     Under CAFA, Horizon Actuarial is a citizen of Delaware and Georgia, and at least one

22   of the members of the putative class is a citizen of California (all members, actually).  Accordingly,

23   minimal diversity exists.  28 U.S.C. § 1332(d)(2)(A); *see also Abrego Abrego v. The Dow Chem. Co.*,

24   443 F.3d 676, 680 (9th Cir. 2006) (noting CAFA "thus abandons the complete diversity rule for

25   covered class actions" in favor of a minimal diversity standard).

26   **III.   Numerosity**

27         25.     CAFA requires that "the number of members of all proposed plaintiff classes in the

28   aggregate" be at least 100.  28 U.S.C. § 1332(d)(5)(B).

NOTICE OF REMOVAL

26.     Plaintiff alleges that the "number of Class Members is at least in the tens of thousands." Compl. ¶ 20; FAC ¶ 18.

27.     Accordingly, CAFA's numerosity requirement is satisfied.    *See* 28 U.S.C. § 1332(d)(5)(B).

**IV.     Amount in Controversy**

28.     CAFA requires that "the matter in controversy exceed[] the sum or value of $5,000,000, exclusive of interest and costs." *Id.*, § 1332(d)(2).  It further provides that, "to determine whether the matter in controversy exceeds the sum or value of $5,000,000," the "claims of the individual class members shall be aggregated." *Id.*, § 1332(d)(6).

29.     Although Horizon Actuarial expressly denies that it has any liability to Plaintiff or any putative class member[1] and expressly denies that any class could be properly certified under Federal Rule of Civil Procedure 23, the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs. *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so.") (citing 28 U.S.C. § 1446(c)(2)(A)); *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 992 (9th Cir. 2022).

30.     The Ninth Circuit has defined the "amount in controversy" as simply "the amount at stake in the underlying litigation." *Jauregui*, 28 F.4th at 994 (citation omitted).  "'Amount at stake' does not mean likely or probable liability; rather, it refers to **possible** liability." *Id.* (citation omitted). Further, "no antiremoval presumption attends cases invoking CAFA," as the statute was enacted "to facilitate adjudication of certain class actions in federal court." *Id.* at 992–93 (9th Cir. 2022) (quoting *Dart Cherokee*, 574 U.S. at 89).  As such, "the removing party must be able to rely 'on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence

---

[1]     By removing this action to this Court, Horizon Actuarial does not concede that it has any liability, let alone liability greater than $5,000,000, to the members of the putative class. *See, e.g.*, *Moda v. Priceline.com, Inc.*, No. 06-56301, 2006 WL 3327871, at *1 n.2 (9th Cir. 2006) (citation omitted) ("[Defendant] did not have to confess liability in order to show that the controversy exceeds the threshold."). The amount in controversy is an estimate of the total amount in dispute, not a prospective assessment of defendant's liability. *See Greene v. Harley-Davidson, Inc.*, 965 F.3d 767, 772 (9th Cir. 2020) ("'Amount at stake' does not mean likely or probable liability; rather, it refers to possible liability.").

1    that the amount in controversy exceeds $5 million,' as long as the reasoning and underlying

2    assumptions are reasonable." *Id.* at 993 (citation omitted).

3        31.    "In actions seeking declaratory or injunctive relief, it is well established that the amount

4    in controversy is measured by the value of the object of the litigation." *Hunt v. Wash. State Apple*

5    *Adver. Comm'n*, 432 U.S. 333, 347 (1977); *accord Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir.

6    2002). For CAFA purposes, therefore, courts "aggregate the claims of individual class members and

7    consider the monetary value that would flow to the entire class if declaratory relief were granted." *S.*

8    *Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316 (11th Cir. 2014). Hence, the amount in

9    controversy includes the monetary relief class members may obtain once "armed" with the declaratory

10   judgment. *Id.* (holding amount in controversy included additional payments class members could seek

11   if declaratory judgment granted).

12       32.    The amount in controversy also includes unalleged amounts that the class may

13   recover—even if the named plaintiff has chosen not to pursue such relief. *Standard Fire Ins. Co. v.*

14   *Knowles*, 568 U.S. 588, 596 (2013) ("[T]he stipulation [waving claims] at issue here can tie [the

15   individual plaintiff's] hands, but it does not resolve the amount-in-controversy question in light of his

16   inability to bind the rest of the class."). Thus, any possible "component of the class's recovery" is in

17   controversy under CAFA, not simply the relief sought by the named plaintiff. *Id.* at 594 (citation

18   omitted).

19       33.    The "amount at stake" in this action plainly exceeds $5,000,000. Plaintiff seeks an

20   order declaring that Horizon Actuarial violated Section 1798.150(a)(1) of the CCPA. Compl. ¶ 33,

21   Prayer for Relief ¶ A; *see also* FAC ¶ 29. Section 1798.150(a)(1) permits consumers to recover

22   damages in an amount up to $750 "per consumer per incident." Compl. ¶ 28 (quoting Cal. Civ. Code

23   § 1798.150(a)(1)); FAC ¶ 26 (same). Indeed, in her FAC, Plaintiff adds a claim seeking "statutory

24   monetary relief in an amount . . . not greater than seven hundred and fifty ($750) per Class Member

25   per incident." FAC ¶ 33; *see also* Compl. ¶ 34 (reserving right to amend following 30-day notice

26   period). And, Plaintiff alleges that the "number of Class Members is at least in the tens of

27   thousands"—*i.e.*, at least 20,000 individuals. *Id.* ¶ 20. Thus, a ruling adjudging Horizon Actuarial in

28   violation of the CCPA would potentially expose Horizon Actuarial to at least $15 million in statutory

1  damages.[2] While Horizon Actuarial expressly denies that it violated the CCPA or that it is liable to

2  Plaintiff or any putative class member for any actual or statutory damages, it is plain that the "amount

3  at stake" exceeds $5 million.

4       34.    Plaintiff also seeks an award of "reasonable attorneys' fees, costs, and litigation

5  expenses." Compl., Prayer for Relief ¶ C; FAC, Prayer for Relief ¶ C.

6       35.    Based on Plaintiff's allegations and the relief she purports to seek, the amount in

7  controversy easily exceeds CAFA's $5,000,000 threshold. *See* 28 U.S.C. § 1332(d)(2). Notably, the

8  plaintiffs in two earlier filed overlapping putative class actions that seek the same relief on behalf of

9  the same putative California subclass allege that the CAFA amount in controversy had been met. *See*

10 Consolidated Class Action Compl. ¶ 8, *Sherwood*, No. 22-1495 (N.D. Ga. July 13, 2022), ECF No.

11 21.

12                              *       *       *

13      36.    This is a putative class action that was commenced after February 18, 2005, in which

14 there is minimal diversity, at least 100 putative class members, and more than $5,000,000 in the

15 aggregate amount in controversy. This Court therefore has original subject matter jurisdiction under

16 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(a).

17 **V.     PROCEDURAL STATEMENT**

18      37.    Pursuant to 28 U.S.C. § 1446(a), copies of the Complaint, First Amended Complaint,

19 and any other process, pleadings, and orders that Plaintiff purports to have served on Horizon Actuarial

20 as of the date of this Notice of Removal are attached collectively as Exhibits A and B.

21      38.    Pursuant to 28 U.S.C. § 1446(a), it is sufficient to provide a "short and plain" allegation

22 of jurisdiction, and it is not necessary to attach evidence establishing those allegations. *See Dart*

23 *Cherokee*, 574 U.S. at 84 ("A statement 'short and plain' need not contain evidentiary submissions.").

24      39.    Pursuant to 28 U.S.C. § 1446(b) and Federal Rule of Civil Procedure 6, this original

25 Notice of Removal was timely filed within 30 days of service because Plaintiff purports to have served

26 the summons and the Complaint on Horizon Actuarial on July 7, 2022. *See, e.g.*, *Murphy Bros., Inc.*

27 *v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999).

28

---

[2]      $750 * 20,000 = $15,000,000.

1    40.    Pursuant to 28 U.S.C. § 1441(a), removal to the U.S. District Court for the Northern

2    District of California is proper because it embraces the Superior Court of the State of California, City

3    and County of San Francisco, where this action was pending before it was removed.  *See* 28 U.S.C.

4    § 84(a).

5    41.    Pursuant to 28 U.S.C. § 1446(d), Horizon Actuarial will promptly file a copy of this

6    Notice of Removal in the Superior Court of the State of California, City and County of San Francisco,

7    and will give Plaintiff written notice of its filing.

8    42.    By removing the action to this Court, Horizon Actuarial does not waive any defenses

9    that are available to it under state or federal law.  Horizon Actuarial expressly reserves all threshold

10    defenses to this action and its right, for example, to move this Court to transfer the case to another

11    district, to dismiss or for the entry of judgment pursuant to Federal Rules of Civil Procedure 12 and

12    56, or to strike or oppose the certification of any putative class pursuant to Federal Rule of Civil

13    Procedure 23.

14    WHEREFORE, pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Horizon Actuarial

15    respectfully removes this action from the Superior Court of the State of California, City and County

16    of San Francisco, to the United States District Court for the Northern District of California.

17

18    Dated: August 5, 2022                              COZEN O'CONNOR

19                                                       */s/ Dina R. Richman*
                                                         Dina R. Richman, State Bar No. 251088
20                                                       COZEN O'CONNOR
                                                         601 S. Figueroa Street, Suite 3700
21                                                       Los Angeles, CA 90017
                                                         Tel.: 213.892.7900
22                                                       Fax: 213.892.7999
                                                         Email: drichman@cozen.com
23

24                                                       John J. Sullivan (*pro hac vice forthcoming*)
                                                         COZEN O'CONNOR
25                                                       3 WTC, 175 Greenwich St., 55th Fl.
                                                         New York, NY 10007
26                                                       Telephone: 212.453.3729
                                                         Fax: 646.461.2073
27                                                       Email: jsullivan@cozen.com

28

NOTICE OF REMOVAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Max E. Kaplan (*pro hac vice forthcoming*)
COZEN O'CONNOR
One Liberty Place
1650 Market Street, Suite 2800
Philadelphia, PA 19103
Telephone: 215.665.4682
Fax: 215.701.2282
Email: mkaplan@cozen.com

*Attorneys for Defendant*
*Horizon Actuarial Services, LLC*

NOTICE OF REMOVAL