# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br><br>Horizon Actuarial Services, LLC and DOES 1-50 inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>Teresa Jimenez individually, and on behalf of a class of<br>similarly situated persons | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)* |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:   San Francisco Superior Court<br>*(El nombre y dirección de la corte es):*   Civic Center Courthouse<br>400 McAllister Street<br>San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br><br>**CGC-22-600443** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Matthew Righetti; Righetti Glugoski, P.C., 220 Halleck Street, Suite 220, San Francisco, CA 94129; Tel.: (415) 983-0900

| | | | |
|---|---|---|---|
| DATE: **06/29/2022**<br>*(Fecha)* | Clerk, by<br>*(Secretario)* | **JEFFREY FLORES** | , Deputy<br>*(Adjunto)* |

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* HORIZON ACTUARIAL SERVICES, LLC

    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
              ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
              ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☒ other *(specify):* Limited Liability Company
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

1  MATTHEW RIGHETTI (SBN: 121012)
   matt@righettilaw.com
2  **RIGHETTI GLUGOSKI, P.C.**
3  The Presidio of San Francisco
   220 Halleck Street, Suite 220
4  San Francisco, CA  94129
   Tel: (415) 983-0900
5  Fax: (415) 397-9005

6
   EDWARD J. WYNNE (SBN: 165819)
7  Ewynne@wynnelawfirm.com
   GEORGE R. NEMIROFF (SBN: 262058)
8  Gnemiroff@wynnelawfirm.com
9  **WYNNE LAW FIRM**
   80 E. Sir Francis Drake Blvd., Ste. 3G
10 Larkspur, CA 94939
   Tel:  (415) 461-6400
11 Fax: (415) 461-3900

12
   Attorneys for Plaintiff and the Proposed Class
13

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**06/29/2022**
**Clerk of the Court**
BY: JEFFREY FLORES
Deputy Clerk

CGC-22-600443

14              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15                 **CITY AND COUNTY OF SAN FRANCISCO**

16
   TERESA JIMENEZ individually, and on            Case No.
17 behalf of a class of similarly situated persons,
                                                  CLASS ACTION
18              Plaintiff,
                                                  **COMPLAINT FOR:**
19 v.
                                                  **DECLARATORY RELIEF [Cal. Civ. Code
20                                                § 1798.100 et seq.])**
   HORIZON ACTUARIAL SERVICES, LLC
21 and DOES 1-50 inclusive,

22              Defendants.

23

24        Plaintiff Teresa Jimenez brings this lawsuit against Defendants, HORIZON ACTUARIAL

25 SERVICES, LLC and DOES 1-50 inclusive ("HORIZON" "Defendant" or "Defendant's") on behalf of

26 herself and all others similarly situated ("Class" or "Class Members") for violation of

27 California's CCPA. Plaintiff alleges, upon personal knowledge as to her own actions, and upon

28 information and belief as to all other matters, as follows:

                                              1
                                          COMPLAINT

**NATURE OF THE ACTION**

1.     Defendants were entrusted with personal identifiable information ("PII")[1] for Plaintiff's and Class Members.

2.     On or about November 12, 2021, Defendants were advised and notified that personal data from its computer servers was subjected to unauthorized access, data breach, exposure, exfiltration, theft and/or disclosure (together, "Data Breach"). Plaintiff alleges that Horizon computer servers were accessed without authorization on or about November 10 and 11, 2021 resulting in the Data Breach including the following personal information: names, dates of birth, Social Security numbers and health plan information. Defendants delayed providing notification to Plaintiff and those similarly situated until approximately March 9, 2022. As a result of the Data Breach outside and unauthorized parties accessed a trove of personal details about Plaintiff and others similarly situated — such as names, dates of birth, Social Security numbers health plan information and other information -- stored on Defendant's servers. Despite the highly sensitive nature of the PII it was maintained by Defendants in a form that was neither encrypted nor redacted.

3.     Plaintiff brings this lawsuit on behalf of Class Members whose PII was compromised as a result of the Data Breach and Defendants' failure to (i) implement and maintain reasonable security procedures and practices appropriate to the nature of the PII and/or follow the security and privacy procedures and policies in place; (ii) disclose its inadequate security procedures and practices; (iii) effectively monitor its systems for security vulnerabilities; and (iv) timely detect, report, and disclose the Data Breach.

**PARTIES**

4.     Plaintiff's PII was entrusted to Defendants and, while in the care, custody and control of Defendants Plaintiff's PII was accessed, exposed, exfiltrated, stolen and/or disclosed and compromised as a result of the Data Breach.

---

[1]     As used herein, the term "PII" is intended to include the definition of personal information provided under Civil Code sections 1798.140, subdivision (o), and 1798.81.5, subdivision(d)(1).

2

COMPLAINT

5.      Defendants are entities licensed to do business and doing business in San Francisco, California.

6.      Plaintiff does not  know the true names and capacities of Defendants sued herein as Does 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes that each of the Doe Defendants was in some manner legally responsible for the damages alleged below. Plaintiff will amend this Complaint to set forth the true names and capacities of these Defendants when ascertained, along with appropriate charging allegations.

7.      Plaintiff is informed and believes, and thereupon alleges, that each of Defendants designated herein as a Doe is responsible in some actionable manner for the events and happenings referred to herein, and caused injuries to Plaintiff, as hereinafter alleged, either through said Defendants' conduct, or through the conduct of their agents, servants, employees. The term "Defendant(s)" as used in this Complaint includes both the named Defendants and Defendants sued under the fictitious names of Does 1 through 50, inclusive.

8.      Plaintiff is informed and believes and therefore alleges that, at all times relevant to this action, Defendants, and each of them, were the agents, servants, employees, assistants, and consultants of each of their co-Defendants, and were, as such, acting within the course of and scope of the authority of their agency and employment, and that each and every Defendant when acting as a principal, was negligent and careless in the selection and hiring of each and every co-Defendant as an agent, servant, employee, assistant and/or consultant.

### III. JURISDICTION AND VENUE

9.      This Court has personal jurisdiction over Defendants because they do business in this jurisdiction. The claims of Plaintiff and the Class arise out of Defendants' business activity in California.  At all times herein mentioned, Defendants were doing business in California pursuant to contracts that were entered into and/or performed in California.

10.     Venue is proper in this Court because a substantial part of the events or omissions giving rise to these claims occurred in, were directed to, and/or emanated from Defendants' business conduct in San Francisco County.

COMPLAINT

11.     This is a class action brought pursuant to Code of Civil Procedure section 382, and this Court has jurisdiction over the Plaintiff's claims because the amount in controversy exceeds this Court's jurisdictional minimum.

### IV. ADDITIONAL FACTUAL ALLEGATIONS

12.     The Data Breach subjected Plaintiff and the other Class Members to an unauthorized access and exfiltration, theft, or disclosure of their nonencrypted and nonredacted PII, including, but not limited to, PII that falls within the definition of subparagraph (A) of paragraph (1) of subdivision (d) of Civil Code section 1798.81.5.

13.     On information and belief, the Data Breach resulted from Defendants' violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the PII. Further on information and belief, Defendants breached the standard of care by failing to implement reasonable security procedures to adequately protect Class Members' PII. On information and belief Plaintiff alleges that neither Plaintiff nor Class Members PII was password protected, redacted, or encrypted when received by Defendants and/or while under the care, custody and control of Defendants.

14.     As a result of Defendants' lax security, outside parties have accessed Plaintiff's and Class Members' PII in a readily usable form.

15.     At all relevant times, Defendants knew, or reasonably should have known, of the importance of safeguarding PII and of the foreseeable consequences that would occur if their data security system was breached.

16.     Over the past several years, large data breaches, such as the one that occurred here, have garnered widespread media attention and have been the focus of protective legislation and scrutiny by law enforcement and the media. Ignoring the known risks, Defendants' approach to maintaining the security of the PII of Plaintiff and Class Members was well-below the standard of care.

*California Recognizes the Importance of Protecting PII*

17.     The CCPA affords California residents security protections and rights to learn about and control how a business handles their personal information. The Legislature requires

4

COMPLAINT

1 | businesses to implement adequate standards to protect PII:

2 | It is the intent of the Legislature to ensure that personal information about

3 | California residents is protected. To that end, the purpose of this section is to

4 | encourage businesses that own, license, or maintain personal information about

5 | Californians to provide reasonable security for that information.

6 | (Civ. Code, § 1798.81.5, subd. (a)(1).)

7 | 18. The CCPA further endows on California residents the right to seek legal redress

8 | if their information is subject to a data breach that is "a result of the business's violation of the

9 | duty to implement and maintain reasonable security procedures and practices appropriate to the

10 | nature of the information." (Civil Code, § 1798.150.)

11 | **V. CLASS ALLEGATIONS**

12 | 19. Plaintiff bring this action on her own behalf and on behalf of a class of

13 | individuals, defined as "Class" or "Class Members" above, pursuant to CCP 382. Plaintiff

14 | intends to seek certification of a class defined as follows:

15 | **All individuals residing in California whose PII was accessed or otherwise**

16 | **compromised in the Data Breach as set forth in the Notice of Data Breach**

17 | **provided by Horizon.**

18 | Excluded from the Class are the following individuals and/or entities: Defendants and their

19 | parents, subsidiaries, affiliates, officers and directors, current or former employees, attorneys

20 | representing Defendants in this action, and any entity in which Defendants have a controlling

21 | interest and all individuals who make a timely election to be excluded from this proceeding using

22 | the correct protocol for opting out.

23 | 20. **Numerosity**. The members of the Class are so numerous that joinder of all Class

24 | Members is impractical. While the exact number of Class Members is unknown to Plaintiff at

25 | this time, it is estimated that the number of individuals impacted by this Data Breach is in the

26 | hundreds of thousands. It is not presently known how many of those individuals are California

27 | residents but, on information and belief, Plaintiff alleges that the number of Class Members is at

28 | least in the tens of thousands. Further, the number of Class Members and their contact

1  information are readily identifiable from information and records maintained by Defendants.

2      21.  **Commonality and Predominance.** This action involves questions of law and

3  fact common to Class Members that predominate over any questions affecting individual Class

4  Members. These common questions of law and fact include, without limitation:

5          a.  When Defendants actually learned of the Data Breach;

6          b.  Whether Defendants adequately detected, disclosed and responded to the Data

7             Breach;

8          c.  Whether Defendants owed a duty to the Class to exercise due care in collecting,

9             encrypting, password protecting, storing, safeguarding and/or maintaining

10             their PII;

11          d.  Whether Defendants implemented and maintained reasonable security

12             procedures and practices appropriate to the nature of the PII;

13          e.  Whether Defendants breached the duty of care;

14          f.  Whether Defendants knew or should have known that they did not employ

15             reasonable measures to keep Plaintiff's and Class Members' PII secure and

16             prevent loss or misuse of that PII;

17          g.  Whether Defendants adequately addressed and fixed the vulnerabilities that

18             permitted the Data Breach to occur;

19          h.  Whether Defendants violated the law by failing to promptly notify Class

20             Members that their PII had been compromised;

21          i.  Whether Plaintiff and the other Class Members are entitled to legal relief,

22             including declaratory relief.

23      22.  **Typicality:** Plaintiff's claims are typical of those of other Class Members because

24  all had their PII accessed and compromised in the Data Breach, due to Defendants' wrongful

25  conduct, acts, or omissions.

26      23.  **Adequacy:** Plaintiff's interests are not antagonistic and do not irreconcilably

27  conflict with the interests of the Class. Plaintiff is represented by attorneys who are competent

28  and experienced in consumer and privacy-related class action litigation.

24.     **Superiority and Manageability**: A class action is superior to other available group-wide methods for the fair and efficient adjudication of this controversy because the relief requested herein in nominal compared to the expense and burden of prosecuting an individual case, and the difficulty of discovering and remedying the wrongdoing of Defendants. If individual Class Members were required to bring separate actions, courts would be confronted by a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments. In contrast to proceeding on a case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single court.

25.     Defendants acted on grounds generally applicable to the entire Class, thereby making final declaratory relief appropriate with respect to the Class as a whole.

26.     Notice of the pendency of and any resolution of this action can be provided to the Class Members by individual mailed notice or the best notice practicable under the circumstances.

## FIRST CAUSE OF ACTION

[Declaratory Relief]

27.     Plaintiff incorporates the allegations contained in the foregoing paragraphs as though repeated here.

28.     Civil Code section 1798.150, subdivision (a)(1), provides,

Any consumer whose nonencrypted and nonredacted personal information, as defined in subparagraph (A) of paragraph (1) of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and exfiltration, theft, or disclosure as a result of the business's violation of the duty to implement and maintain reasonable security procedures and practices appropriate to the nature of the information to protect the personal information may institute a civil action for any of the following:

(A) To recover damages in an amount not less than one hundred dollars ($100) and not greater than seven hundred and fifty ($750) per consumer per incident or actual damages, whichever is greater.

(B) Injunctive or declaratory relief.

7

COMPLAINT

1    (C) Any other relief the court deems proper.

2    29.    On information and belief, Defendants took possession, retained, stored, and

3    maintained a database containing the nonencrypted and nonredacted PII of Plaintiff and the Class

4    Members. Defendants collects or receives such information -- and alone, or jointly with other

5    Defendants -- determine the purposes and means of the processing, securing and safeguarding

6    such PII.

7    30.    As a result of the widespread Data Breach nonredacted and nonencrypted PII of

8    Plaintiff and thousands of other Class Members that was stored on that server was compromised,

9    accessed, and subject to exfiltration, theft or disclosure.

10    31.    The Data Breach subjected Plaintiff and the other Class Members to an

11    unauthorized access and exfiltration, theft, or disclosure of their nonencrypted and nonredacted

12    PII, including, but not limited to, PII that falls within the definition of subparagraph (A) of

13    paragraph (1) of subdivision (d) of Civil Code section 1798.81.5.

14    32.    The Data Breach was a result of Defendants' violation of the duty to implement

15    and maintain reasonable security procedures and practices appropriate to the nature of the

16    information.

17    33.    An actual controversy has arisen and now exists between Plaintiff and Defendants

18    as set forth herein.  A judicial declaration that Defendants violated the CCPA is necessary and

19    appropriate at this time as Defendants continue to possess Plaintiff and Class Members PII.

20    34.    Plaintiff is providing thirty days written notice to Defendants, "identifying the

21    specific provisions of the CCPA the consumer [Plaintiff] alleges have been or are being

22    violated."  Following the expiration of the thirty days Plaintiff reserves the right to amend this

23    action consistent with California law and the CCPA.

24
                                    **PRAYER FOR RELIEF**
25
         **WHEREFORE**, Plaintiff, on behalf of herself and all Class Members, requests a
26
    declaratory relief order and/or judgment against Defendants and that the Court grant the
27
    following:
28

1    A.    An order certifying the Class as defined herein, and appointing Plaintiff and her

2            Counsel to represent the Class;

3    B.    Appropriate declaratory relief consistent with California law;

4    C.    An award of reasonable attorneys' fees, costs, and litigation expenses, as allowable

5            by law;

6

7    DATED: June 29, 2022              **RIGHETTI GLUGOSKI P.C.**

8

9

10

11                      Matthew Righetti

                        *Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

COMPLAINT

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Matthew Righetti, Esq. (SBN: 121012)   Edward J. Wynne (SBN: 165819) <br> RIGHETTI GLUGOSKI, P.C.   George R. Nemiroff (SBN: 262058) <br> 220 Halleck Street, Suite 220   WYNNE LAW FIRM <br> San Francisco, CA 94129   80 E. Sir Francis Drake Blvd., Suite 3-G <br>     Larkspur, CA 94939 <br> TELEPHONE NO.: (415) 983-0900  FAX NO.: <br> ATTORNEY FOR *(Name):* Plaintiffs Teresa Jimenez et al. | **ELECTRONICALLY** <br> **F I L E D** <br> Superior Court of California, <br> County of San Francisco <br> **06/30/2022** <br> **Clerk of the Court** <br> BY: JUDITH NUNEZ <br> Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS: 400 McAllister Street
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Teresa Jimenez, et al. v. Horizon Actuarial Services, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: **CGC-22-600443** |
|---|---|---|---|---|
| ☑ **Unlimited** <br> (Amount demanded exceeds $25,000) | ☐ **Limited** <br> (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | JUDGE: <br> DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☑ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action *(specify):* (1) Declaratory Relief [Cal. Civ. Code § 1798.100 et seq.]
5. This case ☑ is ☐ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: June 29, 2022
Matthew Righetti
(TYPE OR PRINT NAME)
▶ *(signature)*
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 <br> www.courtinfo.ca.gov

# INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
  Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment (*non-domestic relations*)
  Sister State Judgment
  Administrative Agency Award (*not unpaid taxes*)
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-harassment*)
  Mechanics Lien
  Other Commercial Complaint Case (*non-tort/non-complex*)
  Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]  **CIVIL CASE COVER SHEET**  Page 2 of 2