UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA JIMENEZ,<br><br>            Plaintiff,<br><br>   v.<br><br>HORIZON ACTUARIAL SERVICES, LLC,<br><br>            Defendant. | Case No. 3:22-cv-04550-JD<br><br>**ORDER RE TRANSFER AND REMAND** |

Plaintiff Teresa Jimenez filed this putative class action against defendant Horizon Actuarial Services, LLC (Horizon) for a data breach that Horizon experienced in November 2021. Dkt. No. 1-2. Jimenez seeks to represent a class of "[a]ll individuals residing in California whose PII [personal identifiable information] was accessed or otherwise compromised" in the breach. *Id.* ¶ 17. Jimenez asks for a remand to state court, saying that she lacks the injury needed for Article III standing. Dkt. No. 10. Horizon requests that this action first be dismissed, transferred, or stayed under the first-to-file rule, or transferred under 28 U.S.C. § 1404(a). Dkt. No. 18.

Transfer is ordered to the Northern District of Georgia under Section 1404(a). The record indicates that Georgia will be a much more convenient forum for the parties and witnesses. *See* Dkt. No. 18-1 (Lewis declaration). Horizon has its principal place of business in Georgia, and represents that "[m]any of the witnesses and documents, including but not limited to employees of Horizon . . . with relevant knowledge and information, are located in and around Atlanta." *Id.* ¶ 4. Plaintiffs have not adduced any evidence to the contrary. For these reasons, other putative class actions arising out of the same data breach, including cases that originated in this District, have

been transferred to and consolidated in the Northern District of Georgia. *See generally Sherwood v. Horizon Actuarial Services, LLC*, No. 1:22-cv-01495-ELR (N.D. Ga.); Dkt. Nos. 18-2, 20-1, 28. There is no good reason for this case to be an exception.

For Jimenez's remand request, there are arguments for and against Article III standing to sue in federal court. Jimenez says that her personal information was unlawfully "accessed, exposed, exfiltrated, stolen and/or disclosed and compromised" as a result of the Horizon data breach. Dkt. No. 1-2 ¶ 4. This invasion may be enough to establish the requisite injury-in-fact. *See, e.g.*, *Patel v. Facebook Inc.*, 290 F. Supp. 3d 948, 954 (N.D. Cal. 2018) ("Our circuit has . . . found that 'privacy torts do not always require additional consequences to be actionable.'") (quoting *Eichenberger v. ESPN, Inc.*, 876 F.3d 979, 983 (9th Cir. 2017)); *In re Zappos.com, Inc.*, 888 F.3d 1020, 1029 (9th Cir. 2018) (plaintiffs "sufficiently alleged an injury in fact based on a substantial risk that . . . hackers will commit identity fraud or identity theft"). On the other hand, Jimenez has stated substantial arguments against standing. *See* Dkt. No. 10 at 5-6.

The Court need not resolve the issue because the question of standing is already teed up in the Northern District of Georgia, which has before it a fully briefed motion to dismiss for lack of subject-matter jurisdiction. *See* Dkt. No. 20-1; *Sherwood*, Dkt. Nos. 32, 34, 44. The Court declines to disrupt the standing proceedings before that court, which is perfectly capable of remanding the case to the California Superior Court if warranted.

Jimenez leans on an older case to the effect that courts should assess subject-matter jurisdiction before reaching venue. *See* Dkt. No. 21 at 2 (citing *Bookout v. Beck*, 354 F.2d 823, 825 (9th Cir. 1965)). The comment in *Bookout* is nonbinding dicta that was not central to the case holding or supported by meaningful analysis. Since then, subsequent authority, including a decision by the Supreme Court, indicates that venue may be addressed first, particularly when, as here, the Court cannot "readily determine that it lacks jurisdiction over the cause." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432 (2007); *see also In re LimitNone, LLC*, 551 F.3d 572, 578 (7th Cir. 2008) (per curiam) ("[T]he indeterminacy of subject-matter jurisdiction is not, standing alone, a bar to consideration of venue."); *Chevron U.S.A. Inc. v. EPA*,

45 F.4th 380, 385 (D.C. Cir. 2022) ("[V]enue . . . is a threshold, non-merits issue that a court can address without first establishing its jurisdiction.").

Consequently, the case is transferred to the Northern District of Georgia.

**IT IS SO ORDERED.**

Dated:  January 18, 2023

JAMES DONATO
United States District Judge